Nott, J.,
delivered tbe opinion of tbe court:
1. As to tbe cargo. Tbe detention of the vessel and tbe compulsory methods used to compel a sale were unlawful, and constituted duress, but tbe master of tbe vessel having subsequently agreed with tbe French authorities upon a price which was tbe reasonable value of tbe cargo, and tbe injury complained of being in fact delay of payment and underpayment by reason of arbitrary overvaluation of tbe coffee given in exchange for the cargo, tbe redress wbicb tbe owner was entitled to was that provided by tbe fifth article of tbe treaty 1800 and tbe first and fifth articles of tbe treaty 1803, and tbe claim *221 is not one for which tbe United States are responsible under tbe seeond article of tbe treaty 1800.
3. Tbe seizure and detention of tbe vessel were illegal, and tbe owner for tbe voyage bad a valid claim of indemnity tberefor upon tbe French Government prior to tbe ratification of tbe convention between tbe United States and tbe French Republic, concluded on tbe 30tb day of. September, 1800; and tbé claim was relinquished to France by tbe Government of tbe United States by tbe treaty in consideration of tbe relinquishment of certain national claims of France against the United States. Tbe claimant accordingly is entitled to tbe following indemnity from tbe United States:
John C. Williams, admininistrator of Edward Dunant, for tbe seizure and detention of tbe vessel, $1,260.